UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

------------------------------------------------------------X

BAPU CORP. & HARSHAD S. PATEL,

                Plaintiffs,

                v.

CHOICE HOTELS INTERNATIONAL, INC.,

                Defendant.

------------------------------------------------------------X

07-CV-5938(WJM)

COMPLAINT

12-14-07

Plaintiffs HARSHAD S. PATEL AND BAPU CORP., by their attorney, respectfully allege:

1.  This is an action for damages for failure of defendant Choice Hotels International, Inc. to abide by a certain Franchise Agreement between plaintiffs and defendant dated April 21, 2000 or May 15, 2000 (the "Agreement") by: (a) deceiving plaintiffs to believe the Agreement terminated on November 30, 2000, then later suing plaintiffs for $142,560.00 in "liquidated damages," on the same Agreement, which defendant claimed was not expired after all, via arbitration October 19, 2006 in an inconvenient forum, to avoid a limitations bar and to which arbitration plaintiffs timely objected; (b) causing plaintiffs to lose $2,000,000 in franchise revenue from December 1, 2000 to November 30, 2005, a five-year period; (c) inducing plaintiffs not to sue defendant for wrongful termination of the Agreement, by falsely implying plaintiffs could reinstate the Agreement, when defendant had no intention of permitting plaintiffs to do so; and (d) causing plaintiffs to expend legal fees, court fees and other costs to defend both the illegitimate arbitration and to bring this action to recover losses under said Agreement.

2.  Plaintiff Bapu Corp. is a New Jersey corporation situated within the venue and jurisdiction of this Honorable Court at 2735 Route 22 West, Union, New Jersey 07083, and Harshad

S. Patel, individual plaintiff, is domiciled at the same address. Defendant Choice Hotels International, Inc., upon information and belief, is a foreign corporation, whose corporate headquarters is located at 10750 Columbia Pike, Silver Spring, Maryland 20901. In addition, the realty and hotel property that is the subject matter of the action is located in the County of Union, State of New Jersey, at the above address for corporate plaintiff.

3. Jurisdiction is invoked under complete diversity, but also as to a federal question under the Federal Arbitration Act, under the facts of this case. The Franchise Agreement appears to contain no separate choice of laws or forum selection provisions apart from material subsumed under the challenged arbitration clause, so it appears that the District of New Jersey has jurisdiction.

4. Loss of revenues under the Franchise Agreement set forth above are alleged to have commenced on December 1, 2000 and continued up to at least November 30, 2005. Plaintiff Bapu Corp. claims said revenues for each month as separate installment losses each month, commencing with the foregoing date. Plaintiff also seeks a declaratory judgment as to the date the contract terminated. Individual plaintiff has an interest and standing in the case because he is being sued by defendant under the Agreement as guarantor for the corporate plaintiff, but is also enumerated in the contract as a party to the Agreement, in a manner that appears to entitle him to individual profits.

5. Defendant, through deceit and misrepresentation, led plaintiffs to believe that the Franchise Agreement had been terminated on November 30, 2000. Defendant's agents from time to time gave plaintiffs assurances that they could reinstate the Agreement if they paid $5,000, although they also claimed that plaintiffs had forfeited their original $25,000 application fee. On October 19, 2006, defendant commenced an arbitration against the plaintiffs, claiming alleged "liquidated damages" due to the plaintiffs allegedly failing to qualify as franchisees.

6. Defendant deliberately failed to adequately guide the plaintiffs so that they could

achieve franchisee status and participate in defendant's franchise system, Quality Inn,® then sued plaintiffs for failing to enter the system under an adhesive and unclear arbitration agreement. Said suit by defendant was instituted in an inconvenient forum under the law of a foreign jurisdiction, Maryland, upon information and belief, making use of a local arbitrator and AAA office with whom defendant appears to have an ongoing business relationship or association of some kind.

7.   The arbitration clause in the Agreement is ambiguous, vague and confusing and appears to bar defendant from bringing an arbitration for liquidated damages under the Agreement, as the Agreement states "[e]xcept for * * * moneys [sic] owed [defendant] under this Agreement," and as liquidated damages are alleged "moneys owed * * * under [the] Agreement," which further states that "any controversy or claim arising out of or relating to th[e] Agreement" except the above "will be sent to final and binding arbitration," it appears that liquidated damages are excluded from arbitration. As a result, the meaning of the wording in the arbitration clause, seemingly taken out of the purview of an arbitrator, must be litigated in a court action.

8.   On December 13, 2007, an arbitration was held, to which plaintiffs objected, as it appeared to be invalid under defendant's Agreement, and as at which defendant planned to submit hearsay evidence, evidence created for litigation, the testimony of attorneys and other unreliable materials as the basis for obtaining an arbitration award, attempting to avoid the more reliable rules of evidence to be found in a court action, plaintiffs refused to participate in said arbitration other than to appear to contest personal and subject matter jurisdiction of same.

9.   The arbitrator and the AAA refused to consider plaintiffs' objections to AAA jurisdiction and to the quality of evidence being submitted, forcing plaintiffs to withdraw from same.

10.  There are vital public policy concerns involved in this matter that require an open, full and fair court proceeding as opposed to a secretive arbitration proceeding behind the closed doors of

defendant's corporate headquarters, as there questions of fact and law to be decided by a court.

## COUNT ONE

11.     Plaintiffs restate and reallege Paragraphs 1 to 10, as if set forth more fully herein.

12.     For reasons set forth above, plaintiffs seek lost franchise revenue of not less than $2,000,000, as the result of monthly revenue lost from December 1, 2000 to November 30, 2005.

## COUNT TWO

13.     Plaintiffs restate and reallege Paragraphs 1 to 12, as if set forth more fully herein.

14.     Plaintiffs will suffer irreparable injury if defendant is not enjoined during the pendency of this lawsuit from pursuing an arbitration award and judgment. There is a substantial likelihood plaintiffs will prevail on the merits on the basis of the facts set forth herein. The threatened harm to plaintiffs outweighs the harm a preliminary injunction would inflict on defendant. Issuance of an injunction is in the public interest because the type of arbitration agreement and use thereof should be litigated as it is an adhesion contract widely promulgated with unfair result. No bond is required because a sum of money is speculative at this time. Plaintiffs request that the Court set down a hearing for a preliminary injunction, for hearing at the earliest possible time, and after hearing the injunction request, issue a preliminary injunction against the defendant.

Wherefore, plaintiffs respectfully pray for the following relief:

(a) a declaratory judgment as to the meaning and scope of the alleged arbitration clause in the Franchise Agreement and whether or not the liquidated damages clause is valid; (b) damages in the total sum of $2,000,000 as lost month-to-month revenue; (c) a preliminary injunction and permanent injunction after trial; (d) such other and further relief as this Court deems just and proper.

Dated:      December 13, 2007        _____
                                     Michael R. Curran (mc2639)
                                     Attorney for Plaintiffs
                                     E-4 Greenbriar Court, Clifton, NJ 07012-2442
                                     (973) 249-1449 (tel.)
                                     mrc4law@yahoo.com