UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BAPU CORP., HARSHAD S. PATEL,**<br><br>Plaintiffs,<br><br>v.<br><br>**CHOICE HOTELS INTERNATIONAL, INC.,**<br><br>Defendant. | 07-CV-5938 (WJM)<br><br><br>**ORDER DENYING RECONSIDERATION** |

**THIS MATTER** comes before the Court on Plaintiffs' motion for reconsideration of this Court's September 8, 2008 order ("the September order"). The September order: (1) granted Defendant's motion for reconsideration of the Court's June 24, 2008 decision vacating the arbitration award secured by Defendants against Plaintiffs; (2) granted Defendant's motion to confirm the arbitration award; (3) granted Defendant's motion to dismiss; and (4) denied Plaintiffs' motion to vacate the arbitration award.

Under Local Civil Rule 7.1(i), a motion for reconsideration may be granted only if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993).

While such a motion "may not be used to relitigate old matters, nor to raise

arguments or present evidence that could have been raised prior to the entry of judgment," *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001), that is precisely what Plaintiffs have done here.  Plaintiffs present new unconscionability arguments, pertaining to the New Jersey Franchise Practices Act and New Jersey public policy, which could have been raised prior to the entry of judgment.  Further, Plaintiffs continue to argue that Defendant failed to initiate the arbitration within the applicable statute of limitations, which is a rehashing of arguments considered and rejected by the Court in its September order.

Plaintiffs have failed to point the Court to an intervening change in the controlling law, the availability of new evidence that was not previously available, or the need to correct a clear error of law or fact or to prevent manifest injustice.  In addition, Plaintiffs have not cited any law that the Court overlooked in its previous rulings.  As such, Plaintiffs' motion for reconsideration therefore fails to meet the high threshold set forth in Local Civil Rule 7.1(i).

For the foregoing reasons, and for good cause appearing;

**IT IS** on this 20th day of November 2008, hereby

**ORDERED** that Plaintiffs' motion for reconsideration is **DENIED**.


/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**