**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

<u>**LETTER OPINION**</u>

June 1, 2010

Michael R. Curran
E-4 Greenbriar Court
Clifton, New Jersey 07012
    (*Attorney for Plaintiffs*)

David A. Haworth
Ballard, Spahr, Andrews & Ingersoll, LLP
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey 08043
    (*Attorneys for Defendant*)

    **RE:**   Bapu Corp., et al. v. Choice Hotels International, Inc.
           <u>Civ. No. 07-5938 (WJM)</u>

Dear Counsel:

    This matter comes before the Court on Defendant Choice Hotels International's ("Choice") motion for attorneys' fees, post-judgment interest and costs. Defendant Choice seeks to enforce the fee provision contained in its franchise agreement with Plaintiffs Bapu Corp. and Harshad Patel. After consideration of the moving papers and Plaintiffs' opposition, Defendant's motion is **GRANTED**.

**I.**     **BACKGROUND**

    Since the Court writes solely for the benefit of the parties, only a brief summary of the most relevant facts follows. Plaintiffs entered into a franchise agreement with Defendant Choice Hotels, which allowed them to operate a hotel under the name Quality Inn. Under the agreement, Plaintiffs were to complete all renovations on the facility by November 2000. When they failed to do so, a long back-and-forth began between the parties, which culminated in Choice terminating the franchise agreement in 2004. Choice

then served Plaintiffs with a demand for arbitration. After a contested arbitration hearing, the arbitrator awarded damages to Choice in the amount of $142,560 and costs in the amount of $7,975 on January 9, 2008.

Plaintiffs then moved to vacate the arbitration award before this Court. That motion was first granted and then denied on a motion for reconsideration. *Bapu Corp. v. Choice Hotels Int'l, Inc.*, Civ. No. 07-5938, 2008 WL 2559306 (D.N.J. June 24, 2008). When this Court denied Plaintiff's motion to vacate, it also granted Defendant's motion to confirm the arbitration award. *Id.* at *7. Following confirmation of the award, Defendant filed the instant motion attorneys' fees and costs under the franchise agreement. While this motion was stayed pending Plaintiffs' appeal to the Third Circuit, that appeal has ended and the Court now turns to Defendant's fee request.

## II.   DISCUSSION

Defendants base their request for fees on the language of the franchise agreement. The attorneys' fees provision of Plaintiffs' contract with Choice is clear. This provision requires that on termination, Plaintiffs must pay all "damages, costs, and expenses, including reasonable attorneys' fees" incurred in enforcing any section of the franchise agreement. *See* Declaration of John P. Mueller, Ex. 1 ¶ 11(d); *see also id.* ¶ 17 (same).

Finding a contractual basis for Defendant's request, the Court next turns to the substance of Defendant's motion. A party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the number of hours and the hourly rate billed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Defendant has submitted attorney time sheets as evidence of the reasonableness of the hours billed and the billing rate. (Mueller Decl., Ex. G.) Having set forth the reasonableness of the request, the burden then shifts to "the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended." *Apple Corps v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 485 (D.N.J. 1998); *Shafer v. United Gen. Ins. Co.*, Civ. No. 08-2884, 2010 WL 743983, at *3 (D.N.J. Mar. 3, 2010). Plaintiffs' objections notwithstanding, the Court finds more than sufficient basis to grant Defendant's fee request as reasonable.

First, Plaintiffs argue that the motion does not comport with Local Rule 54.2(b). This argument has no merit. Defendant submitted time sheets with its motion, and Defendant's attorney explained Choice's fee arrangement in a supplemental affidavit. (Mueller Decl. Ex. G; Mueller Supp. Decl.) There is nothing out of the ordinary or contrary to the rule here.

Next, Plaintiffs contend that the time sheet records are too heavily redacted for review. Plaintiffs do not object to any particular redactions; instead, they allege that "the timesheets are unfairly and grossly redacted so that the legitimacy of costs cannot be evaluated." (Pls.' Opp. Br. 3.)  After review of the time sheets, I found a number of redactions, but they appear to relate to attorney-client communications.  Regardless, even though certain entries are redacted, the type of work done is still clear.  For example, here is one representative redacted entry:

> 6/26/08     3.30 [hours]    ...    Conduct research on [redacted]; Conduct meeting with M. Shapiro re: strategy going forward; Prepare and draft memorandum to client re: [redacted]; Conduct teleconference with S. Tier [in house counsel] re: [redacted].

*See* Mueller Decl. Ex. G at 81 (June 2008 timesheet).  From this entry, it is clear that counsel spent 3.3 hours conducting legal research, writing a memo, meeting with a colleague and the client.  These redactions do not prevent meaningful review of the fee request.

In addition, Plaintiffs also object to the billing rate used by Defendant's law firm, Ballard Spahr; however, the hourly rates assessed fall squarely within the prevailing market rates in the District of New Jersey.  *See, e.g., Pub. Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1187 (3rd Cir. 1995) (affirming district court's order adopting the entire District of New Jersey as the relevant market for legal rates).  As such, the Court these rates appear reasonable.

Further, Plaintiffs contend that attorneys' fees should not be awarded for the work done on the first motion to vacate, since Defendant did not prevail on that motion.  This assertion, however, is belied by the case law.  *See, e.g., Butler v. Frett*, Civ. No. 99-4367, 2006 WL 1806412, at *8 (D.N.J. June 29, 2006) (awarding attorneys' fees to Plaintiff for time spent on first trial and appeal following second trial).

Finally, Plaintiffs allege that Defendant's attorneys have "unclean hands" due to their clerkships in this District and a phone call made to chambers. Plaintiffs argue that there is an inherent favoritism shown toward former law clerks, and that this somehow makes the awarding of fees improper.  As Defendant aptly notes, this Court was unaware of these attorneys' clerkships with Judge Rodriguez until Plaintiffs discussed them in their brief.  Further, the "improper" *ex parte* communication to chambers was a standard call to inquire about this Court's individual preferences.  Such calls are permissible under the Court's Individual Rules.  *See* ALLYN Z. LITE, NEW JERSEY FEDERAL PRACTICE RULES

677 (2010) ("Communications with Judge's law clerks are permitted."). Thus, this "unclean hands" attack on the fee petition has no merit whatsoever.

Finding the fees requested reasonable and Plaintiffs' objections unavailing, the Court grants Defendant's request for attorneys' fees, as well as the request for post-judgment interest, which begins to accrue as of the date of this letter opinion and accompanying Order. *See Eaves v. County of Cape May*, 239 F.3d 527, 527-28 (3d Cir. 2001) ( "[P]ost-judgment interest on an attorneys' fee award runs from the date that the District Court actually quantifies the award."). The post-judgment interest rate was set by the parties in the franchise agreement at 1.5%. *See* Mueller Decl., Ex. A ¶ 4(e). The Court also finds that Defendant is entitled to an award of costs, which may be pursued under Local Rule 54.1.

## III.   CONCLUSION

For the foregoing reasons, Defendant Choice Hotels International's motion is **GRANTED**. Defendant Choice Hotels International is hereby awarded $67,983.00 in attorney's fees plus post-judgment interest and costs.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**