BALLARD SPAHR LLP
A Pennsylvania Limited Liability Partnership
By: Neal Walters, Esq.
WaltersN@ballardspahr.com
David Haworth, Esq.
HaworthD@ballardspahr.com
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey 08043-4636
Phone: 856.761.3400
Fax: 856.761.1020
*Attorneys for Defendant Choice Hotels International, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAPU CORP. & HARSHAD S. PATEL, | |
| Plaintiffs, | |
| v. | Docket No. 07-cv-5938 (WJM) |
| CHOICE HOTELS INTERNATIONAL, INC., | |
| Defendant. | |

## DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ATTORNEY FEE AWARD

Defendant Choice Hotels International, Inc. ("Choice"), by and through its attorneys, Ballard Spahr LLP, respectfully submits this opposition to Plaintiffs' Motion for Reconsideration of this Court's June 1, 2010 Order and Opinion awarding Choice attorneys' fees.

## I.  INTRODUCTION

Plaintiffs' Motion for Reconsideration of this Court's attorney fee award is the latest attack in Plaintiffs' incorrigible litigation strategy.  In their latest waste of judicial resources, Plaintiffs' reconsideration motion raises two legally and factually baseless arguments.  These arguments -- and the motion itself -- fall woefully short of meeting the standard applicable to a motion for reconsideration.

First, even though Plaintiffs ***never even raised*** the statute of limitations in their original opposition to Defendants' attorney fee application, they now claim that the Court "overlooked" the issue.  Of itself, Plaintiffs' failure to raise that argument initially is fatal to the Motion for Reconsideration as counsel must be aware.  The argument is also completely specious on the merits.  Defendants have only incurred attorney fees arising from the arbitration award because ***Plaintiffs*** have continued to file appeal after appeal and motion after motion on baseless issues and arguments (e.g., in their original opposition, Plaintiffs argued that Defendant Choice was not the prevailing party and cited the billing rate of the most junior attorney at another firm as "evidence" of the supposedly reasonable market billing rate for an attorney handling a case such as this).  It is *res judicata*, pursuant to the original arbitration award and the District Court and Third Circuit's prior decisions affirming that award, that the attorney fee and cost shifting provision in the underlying franchise agreement is fully enforceable and permits the award of Defendant's fees relating to the enforcement of the franchise agreement.  As a matter of law, Plaintiffs may no longer continue to litigate the statute of limitations.  That ship has sailed and the contractual attorney fee and cost provision has been enforced.  There is no basis for suggesting that fees incurred by Defendant as a result of Plaintiffs appeals of the arbitration award are barred by some still unexplained limitations period.

Second, Plaintiffs make the specious argument that this Court failed to apply Maryland's law in its lodestar analysis. Once again, Plaintiffs fail to mention that both parties agreed on the appropriate lodestar criteria in the original briefing. **DNJ ECF Docket Nos. 53 & 57 (11/21/2008 & 12/03/2008).** Plaintiffs never suggested or implied that in the original briefing that Maryland's lodestar analysis differs from that applied in the Third Circuit. To the contrary, in discussing the appropriate lodestar criteria, Plaintiffs' original briefing cited a United States Supreme Court case, a Third Circuit case, and an Alabama case. **DNJ ECF Docket No. 57 (12/03/2008).** Thus, Plaintiffs advocated the same lodestar criteria that Defendants did and there is no evidence that the Court overlooked the applicable law. Moreover, it is plain on the face of this Court's written decision awarding attorneys' fees that the Court considered and analyzed the lodestar factors applicable in both New Jersey and Maryland. In short, Plaintiffs' Motion for Reconsideration improperly seeks to raise issues which were never raised before and then suggests that Maryland's lodestar analysis differs in some yet unarticulated way from the lodestar analysis that Plaintiffs' advocated in their original papers. Such complete disregard of the legal standard applicable to a motion for reconsideration and the "fast and loose" treatment of Plaintiffs' own prior legal position exemplifies the frivolous nature of Plaintiffs' Motion for Reconsideration.

Plaintiffs' mere disagreement with this Court's ruling does not establish a basis for reconsideration, and their Motion for Reconsideration should be denied.

## II. ARGUMENT

### A. Plaintiffs Fail To Meet The High Burden For Reconsideration

No good faith factual or legal basis exists for Plaintiffs' Motion for Reconsideration. It is well settled that "reconsideration is an extraordinary remedy" to be granted sparingly. <u>P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.</u>, 161 F. Supp. 2d 349, 352

(D.N.J. 1999); see also In re Lord Abbett Mut. Funds Fee Litigation, 417 F. Supp. 2d 624 (D.N.J. 2005) (Martini). Reconsideration is not appropriate where the motion only raises a party's disagreement with the original decision rendered by the court. Bowers v. NCAA, 130 F. Supp. 2d 610, 612-613 (D.N.J. 2001); see also United States v. Fiorelli, 337 F.3d 282 (3d Cir. 2003) (holding a party fails to establish a basis for reconsideration by merely disagreeing with a court's decision); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988) (A party's disagreement with a court's decision "should be dealt with in the normal appellate process, not on a motion for reargument"); Carteret Savings Bank, F.A. v. Shusan, 721 F. Supp. 705, 709(D.N.J. 1989) ("A party seeking reconsideration must show more than a mere disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden"); Oritani S & L v. Fidelity & Deposit, 744 F. Supp. 1311, 1314 (D.N.J. 1990) ( "A motion for reconsideration is improper when it is used to ask the court to rethink what it had already thought through - rightly or wrongly").

To prevail on a motion for reconsideration, a litigant must demonstrate a "purpose . . . to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Local Civil Rule 7.1(i) allows a party to seek reconsideration of an order if there are "matter[s] or controlling decisions which the party believes the Judge . . . has overlooked." Pursuant to this rule, the Court may grant a motion for reconsideration only if Plaintiff establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a motion for reconsideration can succeed only where "dispositive

factual matters or controlling decisions of law" were presented to the Court, but were overlooked and, had they been considered, the outcome of the case may have been changed. See Scott v. IBM Corp., Civ. Action No. 98-4092, 2000 U.S. Dist. LEXIS 17979, at *3 (D.N.J. Nov. 29, 2000).

It is plainly evident that Plaintiffs' papers do nothing more than to rehash arguments that they have previously raised during this litigation and assert new theories that were previously available, but never raised. Plaintiffs do not explain how any law or arguments that were previously before this Court were overlooked. It is no accident that the delaying tactics of Plaintiffs' counsel here coincides with Defendant's ongoing attempts to collect on the judgment and fees due. As discussed below, no good faith factual or legal basis exists for plaintiffs to assert that the attorneys' fees granted Choice are barred by a three-year contractual statute of limitations or were not subjected to a proper loadstar analysis.

### B. The Court's Lodestar Analysis Was Proper

Plaintiffs' Motion for Reconsideration disingenuously argues that this Court failed to properly apply Maryland law regarding the lodestar analysis. As set forth supra, Plaintiffs never argued before that a lodestar analysis is different under Maryland law and, to the contrary, cited Third Circuit case law as controlling. **DNJ ECF Docket No. 57 (12/03/2008)**. This Court did apply a lodestar analysis, as is evident from the opinion. **DNJ ECF Docket No. 69, pp. 2-4 (06/01/2010)**. At the end of that detailed analysis, this Court found the attorneys' fees requested to be reasonable. There is simply no good faith factual or legal basis for counsel to assert that the attorneys' fees granted were not subjected to a proper loadstar analysis.

Notably, under Maryland law, the reasonableness of requested attorneys' fees involves a factual determination committed to the ***sound discretion of the trial court***. Nova Research Inc. v. Penske Truck Leasing Co., L.P., 952 A.2d 275, 283 n.4 (emphasis added). As

briefed previously, Maryland and Third Circuit case law on the lodestar analysis is substantively identical. Plaintiffs did not dispute that issue in the original briefing. Nor do Plaintiffs explain now how the standards differ. Under Maryland law, the trial court should take account of:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

Holzman v. Fiola Blum, Inc., 726 A.2d 818, 836. (citations omitted). These factors are substantively identical to requirements set forth in the District of New Jersey's Local Civil Rules, which provide that a party seeking attorneys' fees must file an affidavit specifying:

> (1) the nature of the services rendered, . . . the responsibility assumed, the results obtained, any particular novelty or difficulty about the matter, and other factors pertinent to the evaluation of the services rendered;
>
> (2) a record of the dates of services rendered;
>
> (3) a description of the services rendered on each of such dates by each person of that firm including the identity of the person rendering the service and a brief description of that person's professional experience;

> (4) the time spent in the rendering of each of such services; and
>
> (5) the normal billing rate for each of said persons for the type of work performed.
>
> The time spent by each individual performing services shall be totaled [sic] at the end of the affidavit. Computerized time sheets, to the extent that they reflect the above, may be utilized and attached to any such affidavit showing the time units expended.

D.N.J. L. Civ. R. 54.2(a). As set forth in Choice's original papers, there is simply no different standard as to a lodestar analysis under Maryland law as compared to New Jersey. In fact, this Court cited Apple Corps v. Int'l Collectors Soc'y, 25 F. Supp. 2d 480 (D.N.J. 1998) in its decision to grant attorneys' fees. In Apple Corps, the court conducted a lodestar analysis which differs in no respect to Maryland law or to this Court's analysis in this case. Id. at 484-85. This Court conducted a detailed inquiry into the reasonableness of the attorneys' fees requested and its determination was well within its sound discretion. Thus, there is simply no good faith factual or legal basis for counsel to assert that the attorneys' fees granted were not subjected to a proper loadstar analysis or that the Court overlooked the applicable standard.

### C.   There Is No Good Faith Basis For Asserting That The Court Overlooked Or Erred With Respect To The Statute Of Limitations

Plaintiffs' new argument that the attorneys' fees are barred by a three-year contractual statute of limitations is mind-boggling. Given that Plaintiffs never even mentioned the statute of limitations in its original opposition briefing on the attorneys' fees application, Plaintiffs suggestion that the statute of limitations is "an interesting legal fact in the case that has been overlooked" is specious. This is yet another instance where Plaintiffs, having resoundingly lost, seek to raise new arguments. The Plaintiffs' failure to raise that argument in its original opposition is fatal to Plaintiffs' Motion for Reconsideration. **DNJ ECF Docket No. 72 (06/15/2010).**

On the merits, counsel concedes that this same statute of limitations argument failed concerning the arbitration award. Defendants have only incurred attorney fees arising from the arbitration award because Plaintiffs have continued to file appeal after appeal and motion after motion on baseless issues. Again, it is *res judicata*, pursuant to the District Court and Third Circuit's prior decisions in this matter -- that the Plaintiffs may no longer continue to litigate the statute of limitations because the courts have affirmed the enforceability of the attorney and cost fee shifting provision of the contract at issue. Plaintiffs bite at that apple has long since passed. Thus, there is simply no good faith factual or legal basis for counsel to assert that a three-year statute of limitations is applicable to the attorneys' fees granted by this Court. No law has been cited by Plaintiffs supporting the argument regarding the supposed applicability of the statute of limitations. Nor do they provide the Court with any factual analysis supporting their claim or even explain when the limitations period supposedly ran for the attorney fee claim relating to defending this appeal.

### III. CONCLUSION

For all of the foregoing reasons, Choice respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration of this Court's June 1, 2010 Order and Opinion award of attorneys' fees.

Respectfully submitted,

Ballard Spahr LLP

BY: /s   David A. Haworth
   Neal Walters, Esq.
   WaltersN@ballardspahr.com
   David A. Haworth, Esq.
   HaworthD@ballardspahr.com
   Plaza 1000, Suite 500, Main Street
   Voorhees, New Jersey  08043-4636
   Telephone: 856.761.3400
   Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, David A. Haworth, Esquire, hereby certify that on this date I caused the foregoing Opposition to Plaintiffs' Motion for Reconsideration of Attorney Fee Award to be served via electronic filing upon the below listed counsel:

Michael R. Curran, Esquire<br>
E-4 Greenbriar Court<br>
Clifton, NJ 07102

Dated: July 6, 2010

/s/ David A. Haworth
DAVID A. HAWORTH