UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------- X
                                    :

**BAPU CORP. & HARSHAD S. PATEL,**       :      **Docket No. 07-CV-5928 (WJM)**
                                    :

             **Plaintiffs,**                :

                                    :

                 **v.**                    :

                                    :

**CHOICE HOTELS INTERNATIONAL, INC.,**     :

                                    :

             **Defendant.**             :

                                    :
-------------------------------------------------------------- X

---

## AMENDED MEMORANDUM OF LAW
## IN SUPPORT FOR MOTION FOR RECONSIDERATION
## OF JUNE 1, 2010 LETTER OPINION AND ORDER
## AWARDING DEFENDANT ATTORNEYS' FEES
## RETURNABLE AUGUST 2, 2010
## (ORIGINALLY RETURNABLE JULY 19, 2010)

---

*Submitted by:*

**MICHAEL R. CURRAN**
**Attorney-at-Law**
**E-4 Greenbriar Court**
**Clifton, New Jersey 07012-2442**
**(973) 249-1449 (tel. & facsimile)**
*Attorney for Plaintiffs*

**Table of Contents**

**Page No.**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Standard on Motion for Reconsideration . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Relevant Facts on This Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

    Point I      The Contractual Basis for Fees Was Extinguished by Final
                   Judgment in Favor of Defendant Under the Merger Doctrine    7

    Point II     In the Alternative, the Court May Have Overlooked the
                   Lodestar Methodology and Governing Maryland Law to
                   Determine a Reasonable Fee    10

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Addendum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

## <u>Table of Authorities</u>

<u>Page No.</u>

**<u>FEDERAL CASES</u>**

**<u>Supreme Court</u>**

City of Burlington v. Dague, 505 U.S. 557 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

Hensley v. Eckerhart, 461 U.S. 424 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

Perdue v. Kenny A., --- U.S. ----, 130 S.Ct. 1662 (April 21, 2010) . . . . . . . . . . . . . .    12

**<u>Circuit Court</u>**

Max's Sea Food Café, Inc. ex. rel. Lou-Ann, Inc. v. Quinteros,
    176 F.3d 669 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

Washington v. Philadelphia Court of Common Pleas, 89 F.3d 1031 (3d Cir. 1996) . .    12

**<u>District Court</u>**

Apple Corps. Limited v. International Collectors Society,
    25 F.Supp.2d 480 (D.N.J. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11-12

Bryan v. Shah, 351 F.Supp.2d 195 (D.N.J. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

Innovation Data Proc. v. Intern. Bus. Machine, 603 F.Supp. 646 (D.N.J. 1984) . . . . .    3

**<u>MARYLAND STATE CASES</u>**

**<u>Court of Appeals</u>**

Friolo v. Frankel, 403 Md. 443, 942 A.2d 1242 (2008) . . . . . . . . . . . . . . . . . . . . . . . .    9

Hess Construction Co. v. Board of Education of Prince George's County,
    341 Md. 155, 669 A.2d 1352 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

Jackson v. Wilson, 76 Md. 567, 25 A. 980 (1893) . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

Nova Research, Inc. v. Penske Truck Leasing, L.P.,
    406 Md. 435, 952 A.2d 275 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

Thomas v. Gladstone, 386 Md. 693, 874 A.2d 434 (2005) . . . . . . . . . . . . . . . . . . . . .    9, 11

**Court of Special Appeals**

Monarc Construction, Inc. v. Aris Corporation,
    188 Md.App. 377, 981 A.2d 822 (Md. Ct. Spec. App. Oct. 5, 2009) . . . . . . .    8-9

Schisler v. State of Maryland, 177 Md.App. 731,
    938 A.2d 57 (Md. Ct. Spec. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

Thomas v. Capital Medical Management Associates, LLC,
    189 Md.App. 439, 985 A.2d 51 (Md. Ct. Spec. App. Dec. 7, 2009) . . . . . . . .    10-11

**STATUTES**

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7, 9

42 U.S.C. § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

**RULES OF COURT**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 11

Fed. R. Civ. P. 59(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 3, 6

L.Civ.R. 7.1(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 3

## Introduction

Plaintiffs Bapu Corp. and Harshad S. Patel ("plaintiffs") respectfully move for reconsideration of the Court's June 1, 2010 Letter Opinion and Order granting defendant Choice Hotels International, Inc. ("defendant") attorneys' fees in the amount of $67,983.00 plus post-judgment interest and costs. Plaintiffs make this motion in order to bring to the Court's attention errors of law and overlooked material facts pursuant to Fed. R. Civ. P. 59(e) and L.Civ.R. 7.1(i).  The motion was originally returnable July 19, 2010, but, by Order dated July 6, 2010, the Court granted plaintiffs' application dated June 25, 2010 to file an amended motion and brief, filing the amendments by July 9, 2010, with defendant to file its opposition by July 23, 2010 and the reply, if any, by plaintiffs to be filed by July 30, 2010.  **DNJ ECF Docket No. 77 at 2-3 (07/06/10)**.  The new return date for the motion has apparently been rescheduled by the Court to August 2, 2010.  See July 6, 2010 ECF docket entry #77.

This motion is brought in order to address the Court possibly having overlooked application of the lodestar methodology, strongly favored by the U.S. Supreme Court, in order to reach "reasonable" legal fees, which analysis is governed by decisional law of the State of Maryland in accordance with Paragraph 20(f) of the subject franchise agreement.  (The arbitration clause at Paragraph 22 also applies Maryland law.)  **DNJ ECF Docket No. 10-4 at 28-30 (01/18/08).**  See Addendum annexed hereto, including relevant page from franchise agreement.  Both sides argued applicability of Maryland law on the fee motion, which the Court may have overlooked in its June 1, 2010 Letter Opinion.

More vitally, there is important Maryland legal doctrine that has been overlooked by the Court in awarding attorney's fees in this case under the Maryland choice of laws provision in the governing franchise agreement.  As argued for the first time by opposing counsel in defendant's July 9, 2008 Motion for Reconsideration, review of the decision of the arbitrator in this matter was circumscribed, which ultimately led to the overturn of the Court's original Opinion and Order of June 24, 2008, which

1

had vacated the arbitration award on grounds the award and authority of the arbitrator were barred by the three year contractual limitations period (and three-year contract limitations period of Maryland). See, e.g., **DNJ ECF Docket No. 36-1 at 5-6 (pp. 1-2) (07/09/08)**. It was argued by defendant in the motion for reconsideration the arbitrator's jurisdiction was something only the arbitrator could decide—the result being the Court determined that its decision that the 3-year limitations period barred jurisdiction would be reversed. (The Court of Appeals did not find the reconsideration of the June 24, 2008 Opinion and Order in error in its March 16, 2010 opinion reviewing the case.)[1]

In the case of the original arbitration demand of October 19, 2006, no fee claim was before the arbitrator, who only decided costs of the arbitration. The claim for fees came—was pleaded—before this Court separately as a "collateral matter" on November 21, 2008, a date almost 8 years after the underlying default of November 30, 2000, and four years after the time the Court had found the contract was terminated in 2004. June 1, 2010 Letter Opinion, **DNJ ECF Docket No. 69 (06/01/10)**. The original arbitration demand—defendant's pleading—claimed "expenses of its attorneys," but not *attorneys' fees* because defendant used in-house counsel to prosecute liquidated damages cases and did not contract outside counsel. See **DNJ ECF Docket No. 10-4 at 15 (01/18/08)** (arbitration demand). Defendant never amended its pleadings within the time periods above—neither within eight years after the default of November 30, 2000 nor four years from when the contract "terminated" in 2004. The prevailing party's fee claim is barred because the contractual basis for fees ended when, under Maryland law, the contract merged and was extinguished by the November 20, 2008 final judgment.

---

[1] On July 8, 2010, the Third Circuit filed an Order dated July 1, 2010 denying reconsideration of the appellate court's award of $69,274.50 in attorneys' fees and costs. **3d Cir Docket #003110210438 (07/08/10).** While the Order bears a computer signature of Hon. Alan D. Lourie, Circuit Judge, there is no opinion or basis indicated for this decision, which was filed by the appellate Case Manager, and it is respectfully argued that the Order does not bar this Court's reconsideration of its June 1, 2010 Letter Opinion and Order. This statement is based upon the fact that the Court of Appeals sits in review of district court "final decisions," but has a separate power to review its own internal determinations. .

2

The extinguishing of the underlying contract extinguished the fee claim, as the claim was not asserted by defendant within the limitations period prior to the entry of final judgment.

## Standard on Motion for Reconsideration

Local Civil Rule 7.1(i) permits a party to seek reconsideration where there are "matters or controlling decisions which the party believes the Judge . . . has overlooked." Fed. R. Civ. P. 59(e) permits a party to petition the Court to avert an injustice in a judgment or order. The Court may grant a motion for reconsideration if the movant establishes "the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Sea Food Café, Inc. ex. rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). While the standard is a difficult one to meet, reconsideration is proper where it can be shown that dispositive factual matters or controlling issues of law were overlooked. See Bryan v. Shah, 351 F.Supp.2d 195 (D.N.J. 2005) (granting reconsideration where the court overlooked cases holding a remedy other than the one ordered by the court would be appropriate); Innovation Data Proc. v. Intern. Bus. Machine, 603 F.Supp. 646, 647 (D.N.J. 1984) (granting motion for reconsideration where a legal issue was overlooked).

## Relevant Facts on This Motion

The simple facts in this case have been recounted numerous times in the record. On or about May 15, 2000, the plaintiffs entered into a franchise agreement with defendant for the operation of a hotel under the Quality Inn® brand name or "flag." **DNJ ECF Docket No. 10-3 (01/18/08)** (boilerplate franchise agreement). As a condition precedent to actually operating under the Quality Inn® name, plaintiffs had to perform extensive renovations on the hotel involved no later than November 30, 2000. **DNJ ECF Docket No. 34 at 2-3 (06/24/08)** (Opinion by Hon. William J. Martini, D.J.). Plaintiffs failed to do so and the Court found in the June 24, 2008 Opinion plaintiffs had breached the contract on November 30, 2000 or a "reasonable time" thereafter, which meant defendant's claims accrued

3

under language of the franchise agreement and Maryland contractual choice of laws on November 30, 2000 or a "reasonable time" thereafter. **Id. at 3, 8-10,** discussing of 3-year limitations period and breach. The Court found defendant terminated the contract on September 15, 2004. **DNJ ECF Docket No. 39 at 4 (09/08/08)** (Opinion by Hon. William J. Martini, D.J. on reconsideration).

**Procedure**

On or about October 19, 2006, defendant served an arbitration demand containing this demand:

> **NATURE OF DISPUTE: Choice Hotels International, Inc. seeks recovery of damages it sustained due to a breach by [plaintiffs] of a franchise agreement that required [plaintiffs] to complete changes and additions to upgrade the hotel or cure existing deficiencies before entering Choice's Quality Inn® franchise system, plus Choice demands recovery of the costs of this proceeding, the expenses of its attorneys, expert witness fees and travel expenses of its witnesses.**

> **CLAIM OR RELIEF SOUGHT (the Amount, if Any): In the amount of one hundred forty-two thousand, five hundred sixty dollars ($142,560.00), plus the costs of this proceeding, the expenses of its attorneys, expert witness fees and travel expenses of its witnesses.**

**DNJ ECF Docket No. 10-4 at 15 (01/18/08)** (arbitration demand made upon "Bapu Corporation, 373 Opel Street, Riverdale, GA 30274," dated October 19, 2006 in pertinent part). There was no claim asserted for attorneys' fees (possibly because defendant was using staff counsel). Defendant prevailed in the arbitration and, in an award dated January 9, 2008, the arbitrator awarded the following relief:

**Award**

> **Having carefully considered the evidence which was submitted and the arguments which were made, I find:**

> 1. **The [defendant], Choice Hotels, is awarded $142,560.00 as damages for breach of the Franchise Agreement against the [plaintiffs], Harshad S. Patel and Bapu Corporation, jointly and severally.**

> 2. **The administrative fees and expenses of the American Arbitration Association totaling $2,500.00 shall be borne equally by the parties, and the compensation and expenses of the arbitrator totaling $13,400.00, shall be borne equally by the parties. Therefore, [plaintiffs] Harshad S. Patel and Bapu Corporation, jointly and severally, shall reimburse [defendant] Choice Hotels the sum of $7,975.00, representing that portion of said fees and expenses in excess of the apportioned cost previously incurred by Choice Hotels.**

4

> **The award is in full settlement of all claims and counter-claims submitted to this arbitration. *All claims not expressly granted herein are denied.***

**DNJ ECF Docket No. 10-3 at 14 (01/18/08)** (in pertinent part; emphasis supplied).

Prior to issuance of the arbitrator's award, plaintiffs commenced this action in the District Court December 14, 2007, seeking to stay further activity in the arbitration unaware that the arbitration had finished on December 13, 2007. **DNJ ECF Docket No. 1 (12/14/07)** (Complaint). On January 3, 2008, plaintiffs filed an Amended Complaint, **DNJ ECF Docket No. 8 (01/03/08),** which was followed on January 18, 2008 by a Fed. R. Civ. P. 12(b)(6) motion to dismiss by defendant, who did not also include a request to confirm the arbitration award in said motion. **DNJ ECF Docket No 10 (01/18/08)** (motion to dismiss). The entirety of the relief requested in defendant's January 18, 2008 Notice of Motion was: "Please Take Notice that on February 19, 2008, * * * [defendant], by and through its attorneys, * * *, will move the United States District Court for the District of New Jersey, * * * to dismiss Plaintiffs' First Amended [sic] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." **Id., Docket No. 10 at 1.**

Plaintiffs countered with a cross-motion to vacate the arbitration award and, in the alternative, to file a Second Amended Complaint. **DNJ ECF Docket Nos. 13 & 15 (02/18/08 & 02/19/08)** (cross-motion to vacate arbitration award and file Second Amended Complaint). With Court permission, defendant filed a second motion prior to a decision on the first motion and cross-motion that it labeled a "cross-petition" to confirm the arbitration award. **DNJ ECF Docket No. 20 (03/10/08)** (cross-petition to confirm). The entirety of the relief requested in the "cross-petition" appears on the second page: "* * * [Defendant] requests that the Award be confirmed, and that judgment be entered in favor of [defendant] in the amount of one-hundred and fifty thousand, five hundred and thirty-five dollars ($150,535.00) plus applicable interest, plus costs, until the judgment is paid in full." **Id. at 2.**

The Court initially granted plaintiffs' cross-motion, vacating the arbitration award, but did not

address the application to file a Second Amended Complaint (presumably held moot). **DNJ ECF Docket Nos. 34-35 (06/24/08)** (Opinion and Order by Hon. William J. Martini, D.J.). Defendant filed a motion for reconsideration, raising for the first time the premise that the arbitrator not the district court decided the arbitrator's jurisdiction, requesting the following relief: "Please Take Notice that on August 4, 2008, * * * [defendant], by and through its attorneys, * * * , will move the United States District Court for the District of New Jersey, * * *, to reconsider its Order vacating the arbitration award of [defendant] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." **DNJ ECF Docket No. 36 at 1 (07/09/08)**. The Court granted the motion for reconsideration, confirming the arbitration award. **DNJ ECF Docket No. 39 & 40 (09/08/08)** (Opinion and Order by Hon. William J. Martini, D.J.). While a motion for reconsideration of the 09/08/08 Opinion and Order by plaintiffs was pending, **DNJ ECF Docket No. 41 (09/22/08)**, defendant filed a motion for entry of judgment, which stated defendant would move on November 3, 2008 "for entry of judgment on the Court's order confirming the American Arbitration Association's Award and Decision entered January 10, 2008 [Docket Entry No. 40]." **DNJ ECF Docket No. 44 at 1 (10/01/08)**. While the motion does not contain a request for attorney's fees, the proposed judgment accompanying the motion does. **DNJ ECF Docket No. 44-3 (10/01/08)**. On November 20, 2008, the Court denied plaintiffs' September 22, 2008 motion for reconsideration and issued an order-final judgment vacating and correcting the order of September 8, 2008, also dismissing defendant's 10/01/08 motion as "moot." **DNJ ECF Docket Nos. 50 & 51 (11/20/08)**. On November 21, 2008, the Court entered a separate money judgment. **DNJ ECF Docket No. 52 (11/21/08)**. Defendant immediately filed a motion for attorneys' fees, **DNJ ECF Docket No. 53 (11/21/08)**, citing the Federal Rules of Civil Procedure and Local Civil Rules, but not Maryland law or the provisions of the contract in the Notice of Motion. This motion was stayed by the Court on January 15, 2009 after plaintiffs appealed. **DNJ ECF Docket No. 61 (01/15/09)**.

6

In the Third Circuit, the Clerk listed the appeal for possible dismissal, as potentially not being an appeal of a final order or judgment. **3d Cir 00315533581 (01/29/09) & 00318540258 (04/03/09)**. Both defendant-appellee and plaintiffs-appellants argued that the November 21, 2008 paper was a "judgment," but that the attorney's fees request was a "collateral matter," as all articulated issues in the case were decided on November 20, 2008 and November 21, 2008. **3d Cir 00316526251 (02/11/09), 00319431210 (04/17/09)** (plaintiffs-appellants)**, 00319565170 (04/21/09)** (defendant-appellee). The Clerk determined that the case would not be listed for dismissal, referring the matter to the appeals panel. **3d Cir 00319712369 (07/08/09)**.

In the briefs filed on appeal, both parties argued the fees were a "collateral matter." Defendant stated in its brief: "Attorneys' fee awards to the prevailing party in litigation arising out of a breach of contract are collateral to the substantive issues on appeal and thus do not render a final decision made by the district court on the merits insufficiently final for purposes of appeal." **3d Cir 00319943132 at 10 (p. 4) (12/11/09)** (incorporating by reference defendant-appellee's 04/17/09 letter brief). On March 16, 2010, the Third Circuit panel held: "The District Court entered judgment on November 20, 2008. Appellants timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291." **3d Cir 003110061113 at 4 (03/16/10)**. 28 U.S.C. § 1291 states in pertinent part: "The court of appeals * * * shall have jurisdiction of appeals of final decisions of the district courts of the United States[.]"

## ARGUMENT

### Point I.  The Contractual Basis for Fees Was Extinguished by Final Judgment in Favor of Defendant Under the Merger Doctrine

On March 16, 2010, the Third Circuit held the appeal was on a "final decision" or judgment *supra*, deciding not to dismiss the appeal, determining that the November 20, 2008 Order was that "final decision." Both parties argued in 2009 in response to the Third Circuit Clerk's demand the fee

motion stayed by the district court was "collateral" and both argued on the fee motion(s) Maryland law governed the motion for fees under the choice of laws provision in the franchise agreement. Under Maryland law, a final judgment in favor of the litigant prevailing on a contract claim causes the contract to merge into the final judgment, extinguishing the contract. Monarc Construction, Inc. v. Aris Corporation, 188 Md.App. 377, 394-95, 981 A.2d 822 (Md. Ct. Spec. App. Oct. 5, 2009), citing Jackson v. Wilson, 76 Md. 567, 571, 25 A. 980 (1893) (citation omitted) ("Nonetheless, it is true, in Maryland, that under the rule of merger, 'a simple contract is merged in a judgment or decree rendered upon it, and that all its powers to sustain rights and enforce liabilities terminated in the judgment or decree . . .'."). The appellate court found the "final" judgment to have occurred November 20, 2008. **3d Cir 003110061113 at 4 (03/16/10)**, resulting in *res judicata* as to finality of the November 20, 2008 judgment, which in turn resulted in merger of the franchise agreement into the judgment, extinguishing a contractual basis for fees. As the fee claim was raised as a "collateral" or separate matter, no fees were claimed prior to the expiration of the three-year limitations period and there was no tolling of the three-year limitations period, the fee motion existed "collateral" to the central claims being litigated—the January 9, 2008 arbitrator's decision and award based on the October 19, 2006 arbitration demand, which did not contain a demand or award for fees and which merged into the judgment.

There are no grounds for attorney fees in this matter under the American Rule strictly construed under Maryland law. "Consistent with the 'American rule,' Maryland's approach to attorney's fees is that such fees are ordinarily not recoverable by the prevailing party in an action for compensatory damages." Monarc, 188 Md.App. at 392-93, 981 A.2d at 831, citing Hess Construction Co. v. Board of Education of Prince George's County, 341 Md. 155, 160, 669 A.2d 1352 (1996) ("There are exceptions to that general rule, allowing recovery of such fees, if, *inter alia*, they are authorized by statute or agreed-upon by parties to a contract," citing Hess Construction Co., *supra*) (other citation

8

omitted); <u>see</u> <u>also</u> <u>Schisler v. State of Maryland</u>, 177 Md.App. 731,748-49, 750-51, 938 A.2d 57, 67,

68 (Md. Ct. Spec. App. 2007), citing <u>Thomas v. Gladstone</u>, 386 Md. 693, 874 A.2d 434 (2005) (four

exceptions to American Rule), but holding that the fee claimants had no "valid substantive basis for

recovery of attorney's fees."  "However, where no exception applies, then 'each party to a case is

responsible for the fees of its own attorneys, regardless of the outcome.'"  <u>Monarc</u>, <u>id.</u>, citing <u>Friolo v.</u>

<u>Frankel</u>, 403 Md. 443, 456, 942 A.2d 1242 (2008).  Defendant is estopped from arguing any exception

due to: (1) the merger of the contract into the judgment; (2) defendant's arguments in the Court of

Appeals that the fee claim was a "collateral matter"; and (3) failure to bring the fee claim within the

three-year limitations period as a "collateral matter" or prior to final judgment and merger.  It is to be

respectfully noted that the defendant did not object to or attempt to petition for rehearing the ruling by

the Court that the November 20, 2008 order and decision was "final" pursuant to 28 U.S.C. § 1291.

Insofar as considering the fee application a "collateral" or separate claim, it was raised formally

on November 21, 2008 *after* final judgment and merger of November 20, 2008, when the contractual

basis was extinguished.  The District Court no longer had power to grant the claim under the American

Rule and Maryland law, as all claims of the victor under the contract had been extinguished.

Highlighting this fact, in addition, is the clear decision and award of the arbitrator, which

defendant has argued is itself *res judicata*.  The arbitrator, at the end of the January 9, 2008 award,

specifically made this statement: "The award is in full settlement of all claims and counter-claims

submitted to this arbitration.  *All claims not expressly granted herein are denied.*" **DNJ ECF Docket**

**No. 10-3 at 14 (01/18/08)** (emphasis supplied).  If, indeed, as argued by defendant the arbitrator's

decision was a bar as to claims and issues not raised in the arbitration, then further claims were barred

by the foregoing statement.  The District Court, in confirming the arbitrator's award, also confirmed

the foregoing statement.  If defendant had wanted a contrary or different result, it should have made an

9

application before final judgment.  Not having raised the issue and having sought merely to confirm the award, the defendant, for all the reasons it has argued in this litigation, is barred by these final words of the arbitrator from raising a *post-facto* claim after confirmation of the award and *the language of the award*.  Defendant cannot merely wish away what it sought in these proceedings—the definitive confirmation of the arbitrator's award as set forth in the January 9, 2008 decision and award. The arbitrator, being conversant with Maryland law, made it clear that neither defendant nor plaintiffs would be able to subsequently raise any claims or counterclaims after his final decision and award.

Because the attorneys' fees were a separate or collateral matter, as argued by both parties, it was incumbent upon defendant to raise a separate claim for fees within the three-year limitations period either at the time of accrual of the contract claim (November 30, 2000), at the time the contract terminated as found by the Court (September 15, 2004), at the time of the arbitration demand (October 19, 2006), at the time of the arbitration decision and award (January 9, 2008), or at any time during these proceedings before the entry of a final, appealable decision on November 20, 2008.

**Point II.   In the Alternative, the Court May Have Overlooked the Lodestar Methodology and Governing Maryland Law to Determine Reasonable Fees**

It is undisputed the law governing the franchise agreement in this case is the law of Maryland, as set forth in the parties' agreement at Paragraph 20(f) and also in the arbitration clause at Paragraph 22.  See Addendum (relevant page of agreement).  Both parties argued Maryland law applied on the fee motion.  Despite this unanimity on applicable governing law, this Court's June 1, 2010 Letter Opinion and Order may have overlooked application of Maryland law.  Plaintiffs cited a decision by the arbitrator in this case, where as an appellate judge the former arbitrator opined a strict standard for awards of attorney's fees in Maryland as being a narrow exception to the governing American Rule followed in Maryland.  Thomas v. Capital Medical Management Associates, LLC, 189 Md.App. 439,

468, 985 A.2d 51 (Md. Ct. Spec. App. Dec. 7, 2009) citing Nova Research, Inc. v. Penske Truck Leasing, L.P., 406 Md. 435, 455, 952 A.2d 275 (2008); see also Thomas v. Gladstone, *supra*. The cases cited emphasize that a court must do a detailed inquiry into the reasonableness of a fee before granting a fee application.   The Court may inadvertently not have done this, accepting the fees requested in verbatim form on the basis of generalized survey data.

The Court in the June 1, 2010 Letter Opinion cites Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), a case about recovery by a plaintiff under 42 U.S.C. § 1988, for the proposition that a party seeking fees bears the burden of establishing the reasonableness of the fees.  The Supreme Court stated in Hensley: "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a *reasonable hourly rate*."  Id. (emphasis supplied).  However, the Supreme Court also stated:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." [Citation omitted.]  Cases may be overstaffed, and the skill and experience of lawyers may vary widely.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours in his fee submission. * * * *

461 U.S. at 434.   There is no evidence presented why so many lawyers were involved with this very simple case, nor why senior partners were called in.  The case was not a battle between corporate giants nor was it a complex securities matter, for example.  Thus, the billing should have resulted in some deductions by the defendant.  In addition, defendant simply did not prevail from December 2007 to June 2008.  The simple winning arguments raised *post facto* in the July 9, 2008 motion for reconsideration should have been raised initially and were not.  (Defendant instead filed a time-wasting Rule 12(b)(6) motion.)  Fees expended by defendant prior to July 9, 2008 were not warranted.[2]

The District Court cites Apple Corps. Limited v. International Collectors Society, 25 F.Supp.2d

---

[2] Plaintiffs apologize for any testy prior comments that appear in 2008 materials opposing the fees.

11

480 (D.N.J. 1998) for the proposition the burden shifts to the side opposing fees once "reasonableness" of fees is established.  While not conceding that the fees are reasonable, the Court, citing the Apple Corps. case, respectfully did not apply the analysis in its June 1, 2010 Letter Opinion.  The judge in Apple Corps. made substantial reductions in requested fees.  .  See Addendum (sample pages from the case where, for example, an application for 248 hours of fees was reduced to 132.25 hours).  In Apple Corps. the court in that case stated "[t]he lodestar is presumed to yield a reasonable fee. Washington v. Philadelphia Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing City of Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638 * * * (1992)).  However, the lodestar calculation requires that the court 'carefully and critically evaluate the hours and hourly rate set forth by counsel.'" Apple Corps., 25 F.Supp.2d at 484-85 (citation omitted).  Recently, the U.S. Supreme Court said: "[W]e have noted that 'the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee,' * * * and have held that an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation." Perdue v. Kenny A., --- U.S. ----, 130 S.Ct. 1662, 1673 (April 21, 2010).  The Supreme Court found the lodestar was the paradigm of a "reasonable fee" consonant with Maryland law. "'[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys[.]'" Id. at 1672. (citation omitted.)  The Court respectfully appears to have overlooked this standard in the specific instance of the unnecessary fees incurred from December 2007 up to July 9, 2008 by defendant, as these fees were not *per se* reasonable.  In addition, on this motion, while being aware that an amended brief was being filed, defendant went ahead and filed a duplicative brief prior to the Court making a determination permitting an amended brief by the plaintiffs.  Respectfully, there is no rational purpose for excessive filings in this matter as such additional activity is not "reasonable" under Maryland law or Supreme Court precedent.

### Conclusion

Wherefore, the plaintiffs respectfully request that the United States District Court for the District of New Jersey reconsider the June 1, 2010 Letter Opinion and Order awarding attorney's fees, vacating same under applicable Maryland doctrine of merger and bar, or in the alternative, reconsider for application of a lodestar calculation to the fee request under Supreme Court and Maryland precedent, or reduction of unnecessary fees and costs as not being *per se* "reasonable."

Dated:        July 6, 2010 (amended)

Certified and respectfully submitted,

***Michael R. Curran s/***
Michael R. Curran (mrcurran2)
Attorney for Plaintiffs
mrc4law@yahoo.com


### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Amended Memorandum of Law in Support for Motion for Reconsideration of the Court's June 1, 2010 Letter Opinion and Order was served via ECF system and e-mail on the attorneys of record for defendant: Mr. David Haworth, Esq./Mr. Neal Walters, Esq., Ballard Spahr Andrews & Ingersoll, LLP, Plaza 1000, Main Street, Ste 500, Vorhees, NJ 08043.

***Michael R. Curran s/*** (mrcurran2)
Attorney for Plaintiffs
mrc4law@yahoo.com

# ADDENDUM

b. Except as otherwise expressly provided in this Agreement, nothing in this Agreement is intended, nor will anything in this Agreement be deemed, to confer on any person or legal entity other than us or you, or our respective successors and assigns, any rights or remedies under or by reason of this Agreement.

c. All captions in this Agreement are intended solely for the convenience of the parties and do not affect the meaning or construction of any section.

d. All references to the masculine, neuter, or singular, include the masculine, feminine, neuter, or plural. If "you" consists of more than one person or entity, your acknowledgments, promises, covenants, agreements, and obligations made or undertaken in this Agreement are jointly and severally undertaken by each of you.

e. If this Agreement is executed in multiple counterparts, each executed copy is an original.

f. This Agreement becomes valid only when we have signed it, and it will be interpreted under the substantive laws of Maryland, not including its conflict of laws provision; except that nothing herein shall be construed to establish independently your right to pursue claims under Maryland's Franchisee Registration and Disclosure Law.

g. Rights and remedies stated in this Agreement are cumulative and not exclusive of any other right or remedy.

h. Except to the extent stated in Section 11.a., each party may obtain injunctive relief against threatened conduct that will cause it loss or damages, under the usual equity rules, including the applicable rules for obtaining restraining orders and preliminary injunctions.

i. THIS AGREEMENT CONTAINS THE COMPLETE UNDERSTANDING OF THE PARTIES AND REPLACES ANY PREVIOUS WRITTEN OR ORAL AGREEMENT ON THE SAME SUBJECT MATTER. NO REPRESENTATION, INDUCEMENT, PROMISE OR AGREEMENT, ORAL OR OTHERWISE, NOT CONTAINED IN THIS AGREEMENT, WILL BE OF ANY FORCE OR EFFECT.

j. Amendments to this Agreement will not be effective unless signed by one of our duly-elected officers and by you.

k. Neither party may file a claim (except claims for indemnification, which will be governed by applicable laws) arising out of or relating to this Agreement after 3 years from the date that the claim arose, unless applicable law states a shorter statute of limitations.

21. **Acknowledgments.**

a. You have conducted an independent investigation of the benefits of signing this Agreement, and you understand that the business venture contemplated by this Agreement involves business risks, and that its success will be largely dependent on your ability as an independent business person. We have not made, and you acknowledge that you have not received from us or our agents, any projection, warranty or guarantee, express or implied, as to the profitability or other potential success of the business venture contemplated by this Agreement, except as contained in the disclosure statement(s) we gave you. By signing this Agreement, you represent to us that you have neither received nor relied on representations of any kind concerning this Agreement, except as stated in the disclosure statement(s) we gave you or as stated in this Agreement.

b. You agree that this Agreement relates only to the Hotel and the Location. Subject to the terms of our Impact Policy in force from time to time: (1) we may own, operate, franchise or license other hotels using the Marks and the System, as well as hotels using any other brand, at any other location, and (2) we, our affiliates and other franchisees may now or in the future engage in transient lodging or related business activities that may compete with the System or with the Hotel.

25 F.Supp.2d 480
(Cite as: 25 F.Supp.2d 480)

| 04/30/98 | .70 Teleconference with court; conference with AL. | .35 |
| 05/01/98 | .40 Teleconference with Judge Greenaway's chambers; teleconference with Aspinall. | .20 |
| 05/29/98 | 1.00 Teleconference with Judge Greenaway and Badke; review order; teleconference with AJL. | .50 |
| 06/01/98 | 2.80 Conference with AJL; reviewing case re: Rule 60; appeal; develop settlement proposal; teleconferences with Shukat and Weber. | 1.40 |
| 06/03/98 | 4.60 Prepare for and appear at conferences with Judge Greenaway. | 2.30 |
| 06/26/98 | 1.70 Teleconferences with Judge Greenaway's chambers, Dorothy Weber, Peter Shukat; review opinion. | .85 |

FN21. Defendants submitted their cross-motion to dissolve the Consent Order on October 20, 1997, along with their brief in opposition to Plaintiffs' motion for contempt. Therefore, the Court shall disallow the hours Plaintiffs' counsel spent reviewing Defendants' opposition papers which pertained to Defendants' cross-motion to dissolve the Consent Order.

FN22. Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Contempt includes a section in opposition to Defendants' cross-motion to dissolve the Consent Order.

FN23. Part of defendant Tilson's cross-examination focused on Defendants' cross-motion to dissolve the Consent Order.

*504 Hours deducted as not expended in connection with contempt motion: *62.75*

Hours deducted as unnecessary: *2*

Hours deducted as excessive: *51*

Total hours deducted = *115.75*

Requested hours: *248* MINUS hours deducted *115.75* = *132.25*

Hours reasonably expended: *132.25* multiplied by hourly rate: *$280*

Attorneys' fees awarded to Paul V. LiCalsi: **$37,030.00**

*Jane G. Stevens*

Total hours deducted = *0*

***505** Requested hours: *.30* hours multiplied by hourly rate: *$280*

Attorneys' fees awarded to Jane G. Stevens: **$84.00**

*Martin R. Gold*

Total hours deducted = *.80*

Requested hours: *.80* hours MINUS hours deducted: *.80 = 0*

Attorneys' fees awarded to Martin R. Gold: **$ 0**

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

25 F.Supp.2d 480
(Cite as: 25 F.Supp.2d 480)

| 11/05/97 | 1.20 | Drafting argument and research. |

The entry does not specify, however, whether counsel's work was related to the contempt motion, in which case the hours are compensable, or whether the hours were expended in connection with defending against Defendants' mo-

| 10/31/97 | 7.20 | Meetings with D. Weber, L. Ruggeri, J. Mitnick, J. Glick; research re: Rule 60(b) motion; teleconference with N. Aspinall. |

The research on the cross-motion to dissolve the Consent Order (the Rule 60(b) motion) is not compensable. The meetings with D. Weber, L. Ruggeri, J. Mitnick and J. Glick (the investigators Plaintiffs' counsel hired to investigate whether Defendants were violating the Consent Order) are compensable because they are related to the motion for contempt. However, the record does not indicate how many hours of the 7.20 hours billed were devoted to research on the Rule 60(b) motion and how many hours were devoted to the meeting in connection with the contempt motion.

The Third Circuit has rejected "a requirement that records be kept by task-e.g., for each mo-

tions, in which case the hours are not compensable.

Another entry reads as follows:

tion, issue or part of the case." *Washington,* 89 F.3d at 1038 (citing *Rode,* 892 F.2d at 1189-90). In the instant case, some entries are specific enough to allow the Court to determine whether the hours were devoted to the contempt motion or to defending against Defendants' motions. However, as to the entries that list multiple tasks or which lack the specificity necessary for the Court to determine whether the hours were expended in connection with the contempt motion, the Court will disallow those hours. *See* Appendix A.

The Court will reduce or disallow the following hours as not expended in connection with the contempt motion:

| | | Hours Requested | Hours Deducted |
|---|---|---|---|
| Gold, Farrell: | Mr. LiCalsi | 248 | 62.75 |
| | Mr. Gold | .8 | .8 [6] |
| | Ms. Lippman | 438.4 | 106.2 |
| | Ms. Costello | 35.8 | 6.4 |
| | Mr. Weller | 18.9 | .50 |
| | Ms. Harris | 162.6 | 9 |
| | Ms. Termine | 8 | 2 |
| Shukat, Arrow: | Ms. Weber | 56.8 | 3.8 |
| | Mr. Herbsman | 2.25 | .75 |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.