UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------------- X
:
BAPU CORP. & HARSHAD S. PATEL,       :       Docket No. 07-CV-5928 (WJM)
:
               Plaintiffs,   :
:
   v.                                    :
:
CHOICE HOTELS INTERNATIONAL, INC.,   :
:
               Defendant.   :
:
------------------------------------------------------------------- X

# MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT FOR AMENDED MOTION FOR RECONSIDERATION OF JUNE 1, 2010 LETTER OPINION AND ORDER AWARDING DEFENDANT ATTORNEYS' FEES RETURNABLE AUGUST 2, 2010

*Submitted by:*

MICHAEL R. CURRAN
Attorney-at-Law
E-4 Greenbriar Court
Clifton, New Jersey 07012-2442
(973) 249-1449 (tel. & facsimile)
*Attorney for Plaintiffs*

## Table of Contents

|   |   | Page No. |
|---|---|---|
| Table of Contents | | i |
| Table of Authorities | | ii |
| Preliminary Statement | | 1 |
| Argument in Reply | | 3 |
| Point I | The July 8, 2010 Third Circuit Order Is Not Controlling | 3 |
| Point II | Plaintiffs' Request for Reconsideration Is Reasonable Under the Law of the Case | 5 |
| Point III | The Legal Arguments on the Motion Are Soundly Based on Maryland Law | 8 |
| Conclusion | | 10 |

## Table of Authorities

                                **Page No.**

**FEDERAL CASES**

**Circuit Court**

Max's Sea Food Café, Inc. ex. rel. Lou-Ann, Inc. v. Quinteros,
176 F.3d 669 (3d Cir. 1999) .................................................... 5

**MARYLAND STATE CASES**

**Court of Appeals**

Jackson v. Wilson, 76 Md. 567, 25 A. 980 (1893) ............................... 8

Kent County Bd. of Educ. v. Bilbrough, 309 Md. 487, 525 A.2d 232 (1987) ....... 9

MPC, Inc. v. Kenny, 279 Md. 29, 367 A.2d 486 (1977) .......................... 9

Shum v. Gaudreau, 317 Md. 49, 562 A.2d 707 (1989) ............................ 9

**Court of Special Appeals**

Monarc Construction, Inc. v. Aris Corporation,
188 Md.App. 377, 981 A.2d 822 (Md. Ct. Spec. App. Oct. 5, 2009) ........ 8

**STATUTES**

Federal Arbitration Act ...................................................... 6

N.J.S.A. 12A:2-302 ........................................................ 1 n.1

**RULES OF COURT**

Rule 11 .................................................................. 1 n.1

L.Civ.R. 7.1(i) .............................................................. 5

**RESTATEMENTS**

Restatement (Second) of Judgments (ALI 1982 & Supp. 2010) § 17 ............... 7

Restatement (Second) of Judgments (ALI 1982 & Supp. 2010) § 18 . . . . . . . . . . . . . . .   8-9

Restatement (Second) of Judgments (ALI 1982 & Supp. 2010) § 24 . . . . . . . . . . . . . .   8-10

Restatement (Second) of Judgments (ALI 1982 & Supp. 2010) § 24(1) . . . . . . . . . . .   9-10

Restatement (Second) of Judgments (ALI 1982 & Supp. 2010) § 24, comment a . . . .   9

## **Preliminary Statement**

Plaintiffs Bapu Corp. and Harshad S. Patel ("plaintiffs") respectfully moved for reconsideration of the Court's June 1, 2010 Letter Opinion and Order granting defendant Choice Hotels International, Inc. ("defendant") attorneys' fees in the amount of $67,983.00 plus post-judgment interest and costs, filing with Court permission an amended Notice of Motion and Memorandum of Law in Support on July 9, 2010. **DNJ ECF Docket No. 78 (07/09/10)**. Defendant Choice Hotels International, Inc. ("defendant") has filed a brief in opposition. **DNJ ECF Docket No. 79 (07/23/10)**.[1] The Court has set the return date for the amended motion as August 2, 2010. **DNJ ECF Docket No. 77 (07/06/10)**. This reply is being filed with leave granted by the Court in the July 6, 2010 Order. Id.

Defendant takes issue with plaintiffs' premise that the Court, in regard to a post-judgment or "collateral" claim for attorneys' fees, may have inadvertently overlooked a Maryland hornbook principle—the concept that a contract merges into final judgment when a suitor prevails on its contract claims, which claims are limited herein to those raised before the arbitrator in the 2006 demand:

> **CLAIM OR RELIEF SOUGHT (the Amount, if Any): In the amount of one hundred forty-two thousand, five hundred sixty dollars ($142,560.00), plus the costs of this proceeding, the expenses of its attorneys, expert witness fees and travel expenses of its witnesses.**

**DNJ ECF Docket No. 10-4 at 15 (01/18/08)** (claims in October 19, 2006 demand for arbitration).[2]

---

[1] Defendant's attorneys have also served a threatened Rule 11 motion whose content is largely identical to the opposition to the instant amended motion for reconsideration except that the Rule 11 motion also contains argument as to why plaintiffs' attorney should be sanctioned for having moved for reconsideration. The Rule 11 motion was clearly served to be intimidating, as it is a semi-*ad hominem* attack on plaintiffs' attorney for having zealously represented the within small business franchisee, who resisted the punishing aspects of a corporate franchisor's adhesion contract, which provisions could be reasonably construed as unconscionable pursuant to N.J.S.A. 12A:2-302 under the facts of this case.

[2] Respectfully, plaintiffs request that the Court take note of the careful and artful drafting of this demand by the defendant, which in no way mentions that the monetary claim is for "liquidated damages." Other claims include "costs of this proceeding, the expenses of its attorneys, expert witness fees and travel expenses of its witnesses," but do not include "attorneys' fees," which claim would have potentially promoted settlement during 2006-07. Omission of the claim was prejudicial to the plaintiffs, who were the respondents in the arbitration. The issue of contractual unconscionability is raised in the filed Amended and proposed Second Amended Complaints.

1

The January 9, 2008 arbitrator award closely tracks the demand of the defendant in this case, who was the claimant in the arbitration, as follows:

### Award

**Having carefully considered the evidence which was submitted and the arguments which were made, I find:**

1. **The [defendant], Choice Hotels, is awarded $142,560.00 as damages for breach of the Franchise Agreement against the [plaintiffs], Harshad S. Patel and Bapu Corporation, jointly and severally.**

2. **The administrative fees and expenses of the American Arbitration Association totaling $2,500.00 shall be borne equally by the parties, and the compensation and expenses of the arbitrator totaling $13,400.00, shall be borne equally by the parties. Therefore, [plaintiffs] Harshad S. Patel and Bapu Corporation, jointly and severally, shall reimburse [defendant] Choice Hotels the sum of $7,975.00, representing that portion of said fees and expenses in excess of the apportioned cost previously incurred by Choice Hotels.**
**The award is in full settlement of all claims and counter-claims submitted to this arbitration.** *All claims not expressly granted herein are denied.*

**DNJ ECF Docket No. 10-3 at 14 (01/18/08)** (January 9, 2008 award in pertinent part) (emphasis supplied). During the period that this matter was within the confines of the jurisdiction and under the scrutiny of the arbitrator from October 19, 2006 to January 9, 2008, defendant's in-house corporate counsel never amended the claims to include attorneys' fees.

During subsequent litigation, defendant confined itself to initially dismissing this matter in the District of New Jersey, **DNJ ECF Docket No. 10 (01/18/08)**, and—that approach stumbling—moving to confirm the arbitration award as stated above, **DNJ ECF Docket Nos. 20-21 (03/10/08)**. Not once during the litigation from December 14, 2007 to November 20, 2008 did the defendant move to amend its claims to include attorneys' fees, nor did defendant file an answer and counterclaim to plaintiffs' Amended Complaint, wherein attorneys' fees could have been interposed as a counterclaim. Defendant labeled its "cross-petition to confirm arbitration award" on the docket sheet as a "counterclaim." **DNJ ECF Docket No. 20 (03/10/08)**.

2

This Court confirmed the arbitrator's award as issued above in a final judgment on September 8, 2008, which was vacated and replaced by a corrected final judgment on November 20, 2008. See **DNJ ECF Docket No. 40 (09/08/08)** (initial Order on reconsideration confirming arbitration award of January 9, 2008 above) and **DNJ ECF Docket No. 51 (11/20/08)** ("Order Vacating and Correcting a Previous Order"). In the November 20, 2008 Order by this Court, which was found an appealable final judgment by the Third Circuit on appeal, the Court ordered the following: "* * * [A]nd it is FURTHER ORDERED AND ADJUDGED that the arbitration award set forth in the arbitration Decision and Award issued on January 9, 2008 is hereby CONFIRMED[.]" **Id.** (in pertinent part). The following day, November 21, 2008, defendant moved for attorneys' fees *after* final judgment had issued confirming the arbitration award of January 9, 2008 as written. **DNJ ECF Docket No. 53 (11/21/08)**. The Court's money judgment of November 21, 2008 effectuates the November 20, 2008 order on the terms of that order only. **DNJ ECF Docket No. 52 (11/21/08)**.

Defendant's opposition in this matter filed July 23, 2010 addresses none of the foregoing substantive facts. While not structured as such, defendant's arguments may be organized as three branches: (1) that the July 8, 2008 Order by the Third Circuit, **3d Cir 003110210438 (07/08/10)** is somehow dispositive as to this motion; (2) that the failure to earlier more clearly raise the arguments on the amended motion is somehow "incorrigible," somehow causes the motion to fail the standards for reconsideration and somehow is different from the manner in which defendant litigated the case; and (3) the substantive arguments factual and legal barring legal fees are invalid.

## ARGUMENT IN REPLY

### Point I   The July 8, 2010 Third Circuit Order Is Not Controlling

As this Court is aware, it is the custom of the Court of Appeals to withhold reasoning in its orders on motions. In the current instance, plaintiffs filed a motion for reconsideration in the Third

3

Circuit on June 25, 2010 contemporaneously with seeking reconsideration in the District Court. The Third Circuit (the same judge who affirmed this Court on the appeal) denied the motion relatively promptly on July 8, 2010. Defendant, in opposition, claims that the denial—provided without any holding—is somehow *res judicata* and binding on this Court as to the content of the within pending amended motion for reconsideration. Respectfully, the argument is irrelevant because it is clear that the Third Circuit rejected the application as premature due to the fact that a motion of nearly identical content was pending or contemplated in the District Court. The Third Circuit could not procedurally consider the motion because it could have caused inconsistency in result and operated as a *de facto* appeal by motion. It was both prudent and proper to deny the motion while the same subject matter was pending in the District Court and plaintiffs have no questions about the denial itself.

What plaintiffs disagree with is defendant's attempt to bootstrap the silent denial into an argument that the law of Maryland—agreed to by both sides as applicable on the fee motion—is not applicable due to the denial of the motion by the Third Circuit. This is an attempt to load meaning onto a legal paper not constructed to bear such heavy freight. It is clear that the motion was premature and that it was undoubtedly denied on this basis. Such a denial would, of course, be without prejudice to a hearing on such a motion after *this Court* has considered the merits of the present amended motion. Appellate courts sit to review decisions of the trial courts for legal error, but factual analysis rests in the hands of the trial courts only. Here, we have factual findings by this Court in its opinions of June 24, 2008 and September 8, 2008 that seem to support reconsideration of the attorneys' fees claim. In addition, it was this Court that confirmed the content of the claims in the arbitrator's award and is best suited in the first instance to determine whether attorneys' fees are precluded by their omission from final judgment. Only this Court can properly review those determinations and the Third Circuit Order is not applicable to this Court's own reconsideration of the Court's June 1, 2010 Order.

4

### Point II   Plaintiffs' Request for Reconsideration Is Reasonable Under the Law of the Case

Defendant argues that plaintiffs are improperly requesting reconsideration and have not raised the issues on reconsideration prior to the amended motion for reconsideration. In making the motion, plaintiffs, of course, rely on Local Civil Rule 7.1(i) and holding in Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and "the need to correct a clear error of law or fact or to prevent manifest injustice." 07/23/10 Opposition Brief at 5.

As a first point in reply, it is the law of this case that the defendant asked the Court to exercise discretion in its favor insofar as the critical July 9, 2008 motion for reconsideration, and this was notably granted on September 8, 2008, when the Court agreed with defendant that an arbitrator decides his own jurisdiction under the relevant governing contract. "Defendant has not clearly raised this argument before. Defendant claims that this is because the Court considered Plaintiffs' statute-of-limitations argument sua sponte and thus Defendant had [no] opportunity to respond to it. This is simply untrue. *Plaintiffs clearly raised the statute of limitations argument both before the arbitrator and before this Court*." 09/08/08 Opinion at 7 n.3, **DNJ ECF Docket No. 39 at 7 (09/08/08)** (emphasis supplied). Thus, it is also the law of this case that the statute of limitations defense by plaintiffs raised as a defense to the arbitration was clearly on the table throughout these proceedings. The Court granted defendant's motion for reconsideration as follows: "Accordingly, Defendant's motion for reconsideration, motion to dismiss Plaintiff's complaint as *barred* by the arbitration award, and the motion to confirm the award are GRANTED, and Plaintiffs' motion to vacate the arbitration award is DENIED." **Id. at 16** (emphasis supplied). The Court may have overlooked applying the statute of limitations defense to the new fee claim of November 21, 2008 not raised before the arbitrator. The gap in time between the November 21 2008 motion and June 1, 2010 fee decision made it fairly easy to

5

overlook the defense.

Secondly, defendant had ample time to amend its arbitration demand during the litigation of 2006 to 2007 before the arbitrator and, if it had chosen, could have made a post-arbitration application to the arbitrator to modify the sentence concluding the award that stated thus: "***All claims not expressly granted herein are denied.***" **DNJ ECF Docket No. 10-3 at 14 (01/18/08)** (January 9, 2008 award in pertinent part) (emphasis supplied). Here is clear merger and bar language issued by a Maryland arbitrator conversant with the law of his state strictly construing this principle. Defendant asked this Court to confirm both the award and this sentence. Defendant did not request that the Court confirm only some of the language in the January 9, 2008 award, but not all of it.

Thirdly, anytime during this litigation application could have been made to amend the claims in the case. Arguably, defendant did not do this because the above merger and bar language would have become a focal point in the District Court litigation. The failure to address the claim was prejudicial to plaintiffs who could have argued claim preclusion during the 2007 to 2008 litigation. Later, when before the Court of Appeals, the defendant could have moved to dismiss the appeal, aware of the merger and bar issue, so that the fee matter could be integrated into a fully final appeal. Instead, defendant argued the fee matter was "collateral," which paved the way for a clear delineation of the merger issue, but also resurrected the statute of limitations defense on the "collateral" application for fees not raised within the three-year statute of limitations nor during the "extended" jurisdiction of the arbitrator. This Court saw the statute of limitations defense as clear and straightforward in its June 24, 2008 Opinion and Order. Using the Court's own rationale in both its Opinions of June 24, 2008 and September 8, 2008, plaintiffs argue the Court found the defense viable, but accepted the defendant's argument that the Court's review was severely circumscribed by the Federal Arbitration Act and that the arbitrator held sway over his own jurisdiction. Because the attorneys' fee claim was not part of the

arbitration, it was before this Court under the limiting concept of the statute of limitations defense, and because the claim was argued as "collateral," that argument placed the jurisdictional question squarely before this Court on June 24, 2008 and September 8, 2008. Respectfully, it is both the law of this case and *res judicata* that further claims in this matter were barred by the contractual and Maryland three-year statute of limitations, *but for* the arbitrator's freedom to determine his own jurisdiction over the claims that were interposed and brought before him. Attorneys' fees were not part of those claims.

Lastly, the defendant initiated this case by filing it—or seeming to file it—with the American Arbitration Association in Washington, DC, but somehow was able to then move the case to Atlanta, Georgia to an AAA office that seemed more comfortable with defendant than the plaintiffs. It was down there that a Maryland arbitrator was pulled out of a hat as the "default arbitrator." In any event, his knowledge and capability were never in question. He responsibly, in fact, included merger and bar language in the final decision and award. When the case came to the District Court, defendant moved to dismiss in lieu of answering the Amended Complaint, then supplemented that motion with a cross-petition to confirm the arbitration award as written. There never was any counterclaim for fees, nor subsequent motion to amend the "counterclaim" to confirm the arbitration. These procedural devices were always available to defendant, who had from December 14, 2007, the date of service of the first complaint, up to March 10, 2008, the filing of the "counterclaim," to cover all bases. Plaintiffs merely seek now to "correct a clear error of law or fact," pertaining to the award of fees, or "to prevent manifest injustice" in an award of fees on a claim that was never timely interposed.

Insofar as the timing of the motion for reconsideration, while it took defendant seven months to produce the argument that it used to win on its motion to confirm the award, plaintiffs have interposed their amended request for reconsideration only five weeks after the Court's June 1, 2010 fee Order.

7

### Point III  The Legal Arguments on the Motion
### Are Soundly Based on Maryland Law

It is now beyond question that Maryland law governs the matters in this case—as set forth in the boilerplate franchise agreement executed on May 15, 2000 that gave rise to this matter. While defendant questions the viability of the clear holding in Monarc Construction, Inc. v. Aris Corporation, 188 Md.App. 377, 981 A.2d 822 (Md. Ct. Spec. App. Oct. 5, 2009), Monarc is based upon Black-Letter Maryland law. See Jackson v. Wilson, 76 Md. 567, 571, 25 A. 980 (1893). The arbitrator himself was aware of the issue, including special language in his award. This Court was originally aware of the issue, stating that the award "barred" plaintiffs' Amended Complaint, but overlooked the fact that the award did not "bar" the limitations defense on a claim not before the arbitrator. The arguments in defendant's brief do not include a single Maryland case challenging the Monarc case, which, while the facts are different, contains relevant governing principles—that a victor in a lawsuit suing on a contract cannot raise new claims after final judgment where a contract merges into judgment. See 07/23/10 Opposition Brief at 10-12. Under Maryland law, after merger, there is then no valid exception remaining to the American Rule holding that each party bears his/her/its own legal fees, and the victor cannot raise such a claim after judgment. The argument that the legal fees were collateral to the appeal was advanced by defendant, who now tries to sidestep the issue because the "collateral" claim was not brought within the limitations period. In essence, having won on the issue of the arbitrator being able to ignore or extend a limitations period, defendant now wants this Court to ignore the application of the limitations period to a "collateral" claim, which was not interposed prior to merger or expiration of the limitations period.

The concept of merger espoused by Maryland derives from the RESTATEMENT (SECOND) OF JUDGMENTS §§ 18, 24 (American Law Institute 1982 & Supp. 2010). While the sections involved

speak to subsequent "actions" after judgment, the implication is that claims must be asserted prior to final judgment in order to be considered. Here, where the arbitration was the primary litigation, such claims should have been asserted as part of the main litigation that was later confirmed under the limited review power of the District Court. "'The doctrine of res judicata is that a judgment between the same parties * * * is a final bar to any other suit upon the same cause of action, and is conclusive, not only as to all matters that have been decided in the original suit, but *as to all matters which with propriety could have been litigated in the first suit*[.]'" Shum v. Gaudreau, 317 Md. 49, 54, 562 A.2d 707, 710 (1989) (emphasis supplied in part), quoting MPC, Inc. v. Kenny, 279 Md. 29, 32, 367 A.2d 486,488-89 (1977), also citing generally RESTATEMENT (SECOND) OF JUDGMENTS §§ 17, 18 (1982); citing generally, Kent County Bd. of Educ. v. Bilbrough, 309 Md. 487, 489-90, 525 A.2d 232, 233 (1987). Maryland courts apply the merger concept barring further litigation to those claims that could have been asserted as part of a "convenient trial unit," RESTATEMENT (SECOND) OF JUDGMENTS § 24(2), or where "'the parties have ample procedural means for fully developing the entire transaction in the one action,'" Shum, 317 Md. At 55, 562 A.2d at 710, quoting Bilbrough, 309 Md. At 499, 525 A.2d at 238, quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24, comment a.

The action before the Court is an adjudication brought solely for the purpose of confirming or vacating the arbitration award. Defendant are attempting to bootstrap a second action for fees onto the procedure in this case—a claim clearly precluded by both the judgment confirming the award and the clear language in the award itself. The principle is summarized as follows:

> **§ 24. Dimensions of "Claim" for Purposes of Merger or Bar—
> General Rule Concerning "Splitting"**
>
> **(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.**

9

RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982). The "plaintiff" in the above citation is the "defendant" in this action, who was the original "plaintiff/claimant" in the arbitration. The "transaction" cited above would be the alleged default and breach that gave rise to the claim for liquidated damages. The final judgment on that claim and related claims extinguished all the claims that were interposed or could have been interposed in the original litigation—the arbitration. In the course of the District Court litigation, the primary "transaction," its claim and the related claims flowing therefrom never changed. Attorneys' fees were never a part of the claims asserted as being part of the "transaction" extinguished by final judgment or interposed as a discrete claim prior to the running of the three-year franchise agreement and Maryland general contractual limitations periods.

Thus, there is not only a merger in this instance, but there is also a merger combining with the expiration of a limitations period that bars the untimely, precluded attorneys' fees claim.

## Conclusion

Wherefore, plaintiffs respectfully request that the motion for reconsideration be granted and that the fee claim by defendant be denied and the June 1, 2010 Order granting attorneys' fees be vacated, or, in the alternative, that the Court employ lodestar analysis in awarding a reasonable fee, in the event the Court does not vacate its June 1, 2010 Order.

Dated:        July 30, 2010

Certified and respectfully submitted,

*__Michael R. Curran s/__*
Michael R. Curran (mrcurran2)
Attorney for Plaintiffs
mrc4law@yahoo.com

## CERTIFICATE OF SERVICE

I certify this dated that a true and correct copy of the Memorandum of Law in Reply and in further support for the Amended Motion for Reconsideration of the Court's June 1, 2010 Letter Opinion and Order was served via ECF system and e-mail on the attorneys of record for defendant: Mr. David Haworth, Esq./Mr. Neal Walters, Esq., Ballard Spahr Andrews & Ingersoll, LLP, Plaza 1000, Main Street, Ste 500, Vorhees, NJ 08043.

*__Michael R. Curran s/__* (mrcurran2), Attorney for Plaintiffs