UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BAPU CORP., HARSHAD S. PATEL,** | Civil No. 07-5938 (WJM) |
| **Plaintiffs,** | |
| v. | ORDER |
| **CHOICE HOTELS INTERNATIONAL, INC.,** | |
| **Defendant.** | |

**THIS MATTER** comes before the Court on Plaintiffs' amended motion for reconsideration of this Court's June 1, 2010 order granting Defendant's motion for attorney's fees. Under Local Civil Rule 7.1(i), a motion for reconsideration may be granted only if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). While such a motion "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment," *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001), that is precisely what Plaintiffs have done here.

Plaintiffs have failed to point the Court to an intervening change in the controlling

law, the availability of new evidence that was not previously available, or the need to correct a clear error of law or fact or to prevent manifest injustice. Instead, Plaintiffs raise for the first time an argument based on the Maryland merger and bar doctrine. Rule 7.1(i), however, "does not contemplate a Court looking to matters which were not originally presented." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988); *see also Feit v. Great-West Life and Annuity Ins. Co.*, 460 F. Supp. 2d 632, 644 (D.N.J. 2006) (stating that litigant's attempt to raise new arguments "falls afoul of the admonition to confine the grounds for reconsideration to matters previously presented to, but overlooked by, the court on the original motion."). Thus, Plaintiffs' arguments regarding the Maryland merger and bar doctrine are not properly raised for the first time on a motion for reconsideration.

Plaintiffs also raise for the first time a statute of limitations defense. While Plaintiffs contend that this defense is "law of the case" and "clearly on the table throughout these proceedings," Plaintiffs never raised this defense in opposition to the instant motion for attorney's fees. (Pls.' Reply Mem. 5.) Whether Plaintiff asserted this defense with regard to other motions in this case is irrelevant. Plaintiff does not argue that he raised the defense with regard to the instant motion for fees. Thus, for the reasons discussed above, this court cannot consider Plaintiffs' statute of limitations argument because it was raised for the first time in this motion for reconsideration.

In addition, Plaintiffs argue that this Court overlooked Maryland law governing the consideration of attorney's fees applications but do not identify how Maryland law would

change the outcome of this motion.  Instead, Plaintiffs merely recapitulate their argument that Defendant's requested fees are unreasonable.  Disagreement is not a proper basis for reconsideration.  *See Hackensack Riverkeeper, Inc. v. Delaware Otsego Corp.*, Civ. No. 05-4806, 2007 WL 1749963, at *3 (D.N.J. June 15, 2007) (denying reconsideration where "[t]he substance of Plaintiffs' argument ... is that the Court came to the wrong conclusion, not that the Court overlooked controlling standards and law.").  As such, Plaintiffs' motion for reconsideration therefore fails to meet the high threshold set forth in Local Civil Rule 7.1(i).

    For the foregoing reasons, and for good cause appearing;

    **IT IS** on this 17th day of August 2010, hereby

    **ORDERED** that Plaintiffs' motion for reconsideration is **DENIED**.


    /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**