**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

**LETTER OPINION**

December 23, 2010

Michael R. Curran
E-4 Greenbriar Court
Clifton, New Jersey 07012
    (*Attorney for Plaintiffs*)

David A. Haworth
Neal Walters
Ballard, Spahr, Andrews & Ingersoll, LLP
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey 08043
    (*Attorneys for Defendant*)

    RE:    **Bapu Corp., et al. v. Choice Hotels International, Inc.**
             **Civ. No. 07-5938 (WJM)**

Dear Counsel:

    This matter comes before the Court on Defendant Choice Hotels International's ("Choice") motion for sanctions pursuant to Rule 11. Defendant Choice seeks monetary sanctions against Plaintiffs' counsel, Michael R. Curran. After consideration of the moving papers and Plaintiffs' opposition, insofar as Defendant seeks monetary sanctions, Defendant's motion is **DENIED**.

**I.    BACKGROUND**

    Since the Court writes solely for the benefit of the parties, only a brief summary of the most relevant facts follows. Plaintiffs entered into a franchise agreement with Defendant Choice Hotels, which allowed them to operate a hotel under the name Quality Inn. Under the agreement, Plaintiffs were to complete all renovations on the facility by

November 2000.  When they failed to do so, a long back-and-forth began between the parties, which culminated in Choice terminating the franchise agreement in 2004.  Choice then served Plaintiffs with a demand for arbitration. After a contested arbitration hearing, the arbitrator awarded damages to Choice in the amount of $142,560 and costs in the amount of $7,975 on January 9, 2008.

Plaintiffs then moved to vacate the arbitration award before this Court.  That motion was first granted and then denied on a motion for reconsideration. *Bapu Corp. v. Choice Hotels Int'l, Inc.*, Civ. No. 07-5938, 2008 U.S. Dist. LEXIS 71252 (D.N.J. Sept. 8, 2008).  When this Court denied Plaintiffs' motion to vacate, it also granted Defendant's motion to confirm the arbitration award. *Id.* at *20.  Plaintiffs then filed a motion for reconsideration, which the Court denied, and subsequently appealed to the Third Circuit, where the Court's order confirming the arbitration award was affirmed.  *Bapu Corp. v. Choice Hotels Int'l, Inc.*, Civ. No. 07-5938, 2008 U.S. Dist. LEXIS 94577 (D.N.J. Nov. 20, 2008); *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 371 Fed. Appx. 306 (3d Cir. 2010).  The Third Circuit also granted an award of attorneys' fees, and subsequently denied Plaintiffs' motion for reconsideration of that award.

Defendant had made a motion for attorneys' fees and costs under the franchise agreement that was stayed while Plaintiffs' appeal to the Third Circuit was pending.  Once the appeal had ended, the Court granted Defendant's motion for attorneys' fees and costs.  *Bapu Corp. v. Choice Hotels Int'l, Inc.*, Civ. No. 07-5938, 2010 U.S. Dist. LEXIS 53183 (D.N.J. June 1, 2010).  In response, Plaintiffs again filed a motion for reconsideration,[1] followed by an amended motion for reconsideration, which the Court denied, and Plaintiffs subsequently appealed. *Bapu Corp. v. Choice Hotels Int'l, Inc.*, Civ. No. 07-5938, 2010 U.S. Dist. LEXIS 84231 (D.N.J. Aug. 17, 2010).  Defendant then filed the instant motion for sanctions pursuant to Rule 11.[2]

## II.   DISCUSSION

Defendant Choice has filed a motion for sanctions, alleging that Plaintiffs' amended motion for reconsideration of the Court's award of attorneys' fees is in violation

---

[1] Plaintiffs' motion for reconsideration of this Court's award of attorneys' fees and costs contained "identical content" to the motion for reconsideration Plaintiffs filed after the Third Circuit awarded Defendant attorneys' fees and costs.  (ECF Docket No. 75, at 2.)

[2] After Plaintiffs filed the amended motion for reconsideration, Choice served a copy of this motion for sanctions and the accompanying memorandum of law on July 21, 2010, pursuant to the safe harbor provision of Rule 11(c).

of Fed. R. Civ. P. 11. Choice asserts that the arguments in Plaintiffs' amended motion for reconsideration are frivolous and baseless, and were presented for the improper purpose of causing unnecessary delay and increasing the cost of litigation, in violation for Rule 11(b)(1) and (b)(2).

Rule 11 of the Federal Rules of Civil Procedure is "intended to discourage the filing of frivolous, unsupported, or unreasonable claims." *Leuallen v. Borough of Paulsboro*, 180 F. Supp. 2d 615, 618 (D.N.J. 2002). Specifically, Rule 11 requires that when presenting a pleading, motion, or other paper to the Court, counsel must preform a reasonable inquiry to insure that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay, or needlessly increase the cost of litigation; [and]
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . .

Fed. R. Civ. P. 11(b)(1)-(3). Rule 11 requires the Court to determine whether counsel made a "reasonable inquiry into both the facts and the law supporting a particular pleading" to ensure that it is well-grounded and does not violate either Rule 11(b)(1) or (2). *Schering Corp. v. Vitarine Pharmaceuticals, Inc.*, 889 F.2d 490, 496 (3d Cir. 1989); *see Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir.), *cert. denied*, 502 U.S. 939, 112 S. Ct. 373, 116 L. Ed. 2d 324 (1991). Essentially, Rule 11 requires counsel to "stop, think, and investigate" before filing. *Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 315 F. Supp. 2d 623, 627 (D.N.J. 2004).

If an attorney is found to be in violation of Rule 11(b), monetary sanctions may be imposed, or the court may issue "an admonition, reprimand or censure" in lieu of a fine. Fed. R. Civ. P. 11(c) Advisory Committee Notes, 1993 Amendments; *see Shepherdson v. Nigro*, 179 F.R.D. 150, 153 (E.D. Pa. 1998) (denying request for sanctions, but admonishing counsel to more carefully comply with Rule 11 in the future). The Court will first determine whether Plaintiffs' amended motion for reconsideration warrants sanctions pursuant to Rule 11, and if so will then determine whether monetary or nonmonetary sanctions are appropriate.

### A.   Motion for Reconsideration Standard

For a motion for reconsideration to be well-grounded, it must do more than just "relitigate old matters," or "raise arguments or present evidence that could have been

raised prior to the entry of judgment." *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Under Local Civil Rule 7.1, a motion for reconsideration may be granted only if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993).

Plaintiffs' amended motion for reconsideration raised three arguments: (1) the attorneys' fees were barred by a three-year contractual statute of limitations; (2) the Court failed to apply Maryland law in the lodestar analysis; and (3) the Court overlooked Maryland's doctrine of merger and bar. The motion was denied because the arguments put forth did not satisfy any of the motion for reconsideration factors. *Bapu Corp. v. Choice Hotels Int'l, Inc.*, Civ. No. 07-5938, 2010 U.S. Dist. LEXIS 84231 (D.N.J. Aug. 17, 2010) ("August 17 Order"). However, this unsuccessful motion should only be considered a violation of Rule 11(b) if it was filed without counsel making a reasonable inquiry to determine if it contained more than frivolous or baseless arguments. *See Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.*, 171 F.3d 52, 58 (1st Cir. 1999) ("The mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions"). Motions to reconsider often have little merit, but sanctions should be imposed only if the motion is not based on any reasonable grounds. *EBI, Inc. v. Gator Industries, Inc.*, 807 F.2d 1, 6 (1st Cir. 1986).

    B.    <u>Statute of Limitations</u>

Plaintiffs' first argument on reconsideration is that the grant of attorneys' fees was barred by a three-year contractual statute of limitations in the franchise agreement. This Court did not consider this argument because it was raised for the first time on reconsideration. (August 17 Order, at 2.) Defendant argues that this makes the argument baseless. However, the statute of limitations argument had been raised as a defense in other motions, though this Court found that to be irrelevant to the motion for reconsideration. (*Id.*) Therefore, Plaintiffs' counsel may have believed the argument was justified on reconsideration, though he was ultimately mistaken.

Defendant also argues that since the contractual statute of limitations argument had already failed multiple times concerning the arbitration award, it was clearly frivolous to bring it up again on this motion for reconsideration. However, Plaintiffs' original argument regarding the statute of limitations issue failed as to the arbitration as a whole. Plaintiffs' counsel may have believed the statute of limitations could be upheld as to one aspect (a request for attorneys' fees) even though the arbitrator did not uphold it as to

another (the arbitration itself). Therefore, while tenuous and ultimately lacking merit, Plaintiffs' statute of limitations argument was not entirely frivolous.

  C. <u>Maryland Lodestar Analysis</u>

Plaintiffs' second argument on reconsideration is that the Court failed to properly apply Maryland law regarding the lodestar analysis in determining attorneys' fees. However, as the Court pointed out in the order, Plaintiffs do not identify how the application of Maryland law would change the outcome of the attorneys' fees calculation. (August 17 Order, at 2.) Maryland and Third Circuit case law on the lodestar analysis is substantively the same, as apparent in Plaintiffs' amended motion for reconsideration. *Compare* Pls.' Am. Mt. for Recons. at 11 ("[t]he [Maryland] cases cited emphasize that a court must do a detailed inquiry into the reasonableness of a fee"), *with id.* at 12 (citing a District of New Jersey case for the premise that a court must "carefully and critically evaluate the hours and hourly rate set forth by counsel"). Plaintiffs do not identify any new or overlooked standards regarding calculating attorneys' fees, and instead simply reiterate the same standards applied in the Court's opinion and request a different result. (Pls.' Am. Mt. for Recons. at 11-12.) Essentially, their only argument is that the Court cited to Third Circuit and New Jersey cases instead of Maryland cases, even though the substantive law is the same. This argument is baseless on its face.

  D. <u>Maryland Doctrine of Merger and Bar</u>

Plaintiffs' third argument on reconsideration is that the Court failed to properly apply Maryland merger and bar doctrine. This Court ruled that since this argument was being raised for the first time on a motion for reconsideration, it would not be considered. (August 17 Order, at 2.) Like the statute of limitations argument, Plaintiffs' counsel may have believed that the argument had been raised, since the Opposition to Defendant's motion for attorneys' fees pointed to the need to apply the Maryland choice of law provision in the franchise agreement. (Pls.' Opp'n to Def.'s Mot. for Att'ys' Fees, at 6.) However, Plaintiffs' counsel should have known that a general reference to Maryland law is not enough to support an argument on reconsideration based on the specific doctrine of merger and bar. A reasonable inquiry into the legal requirements for a motion for reconsideration would have revealed that raising this argument for the first time on reconsideration was frivolous.

  F. <u>Imposition of Sanctions Under Rule 11</u>

Plaintiffs' counsel may have believed that his arguments, though weak and ultimately rejected by the court, were not meritless. However, his repeated use of

motions for reconsideration and appeals to inappropriately raise new arguments and to reiterate arguments that have already repeatedly been rejected runs afoul of Rule 11. Having found that Plaintiffs' counsel's conduct violated Rule 11, the Court must determine the appropriate sanctions to impose. Defendant requests that Plaintiffs' counsel be ordered to reimburse Defendant for reasonable fees and costs incurred in responding to the two reconsideration motions.

Once a court determines that Rule 11(b) has been violated, it is within the court's discretion to determine what type of sanctions, if any, should be imposed. Fed. R. Civ. P. 11(c). The Rule specifically states that,

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). The Advisory Committee Notes on the 1993 Amendments to Rule 11(c) point out that "the sanctions [imposed] should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." *See Zuk v. Eastern Pa. Psychiatric Inst. of the Medical College*, 103 F.3d 294, 300-301 (3d Cir. Pa. 1996) ("Any sanction imposed should be calibrated to the least severe level necessary to serve the deterrent purpose of the Rule." (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1336 (2d ed. Supp. 1996))).

As explained above, the Court has identified some bases that Plaintiffs' counsel could have reasonably believed supported the arguments in the amended motion for reconsideration. While his overzealousness amounted to enough frivolous and baseless arguments as to violate Rule 11, his conduct does not rise to the level warranting monetary sanctions to deter the behavior. Instead, the Court concludes that a formal admonition should be sufficient to deter Plaintiffs' counsel going forward from presenting pleadings or motions without first making a thorough inquiry to ensure they are well-grounded. This should be considered formal notice to Plaintiffs and Plaintiffs' counsel that such conduct, if repeated in the future, may result in monetary sanctions.

**III.     CONCLUSION**

      For the foregoing reasons, Defendant Choice Hotels International's motion for sanctions pursuant to Rule 11, insofar as Defendant seeks attorneys' fees and costs, is **DENIED**.  However, Plaintiffs' counsel Michael R. Curran is admonished to exercise more care in the future to ensure faithful compliance with the strictures of Rule 11.  An Order follows this Letter Opinion.


        /s/ William J. Martini
      **WILLIAM J. MARTINI, U.S.D.J.**